UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEREMY PETERS et al., <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, et al., <br><br> Defendants. | Case No. 3:18-cv-00564 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This Memorandum Order addresses several pending discovery motions in this civil rights action brought under 42 U.S.C. § 1983, including Defendant Metropolitan Government of Nashville and Davidson County's (Metro or the City) motion to stay discovery (Doc. No. 86) and amended motion to stay discovery (Doc. No. 89); Metro's motion for a protective order (Doc. No. 101) and amended motion for a protective order (Doc. No. 157); non-party Powers Management, LLC's (Powers Management) motion to quash a subpoena (Doc. No. 106); former Plaintiff Kenneth Winslow's motion to compel discovery (Doc. No. 119); and Metro's motion to compel discovery from Winslow and to impose sanctions against him (Doc. No. 120). For the reasons that follow, Metro's amended motion for a protective order (Doc. No. 157) will be granted, Powers Management's motion to quash (Doc. No. 106) will be denied without prejudice, and the remaining motions (Doc. Nos. 86, 89, 101, 119, 120) will be found moot.

**I.    Relevant Background**

The Court has discussed the facts underlying this action at length in other orders and will briefly summarize those facts here. This action arises out of Peters's and his associates' attempts

to speak about their religious, political, and social beliefs on sidewalks, in a public park, and in an outdoor plaza near Bridgestone Arena (the Arena) in downtown Nashville, Tennessee. (Doc. No. 80.) Peters initiated this action by filing a complaint alleging that Metro and five individual officer defendants identified as Does 1–5 violated his First and Fourteenth Amendment rights on four occasions in 2017 and 2018. (Doc. No. 1.)

Under the Court's amended case management order, discovery was to be completed by December 2, 2019. (Doc. No. 60.) On November 26, 2019, the parties filed a joint motion to extend the discovery deadline to allow them to take depositions on December 4 and 5, 2019, if a settlement conference scheduled on December 3, 2019, proved unsuccessful. (Doc. No. 64.) The Court granted that motion, and discovery closed on December 5, 2019. (Doc. No. 65.)

On April 6, 2020, the Court allowed Peters to file an amended complaint that: (1) added allegations about the Arena's ownership and operation, including allegations about the policies governing conduct in the surrounding area; and (2) added Winslow as a plaintiff asserting claims against Metro for similar alleged violations that took place in 2019 during an event known as PredsFest. (Doc. No. 74.) The Court denied as untimely Peters's efforts to add five new officer defendants—including Metro Nashville Police Department (MNPD) Officers Hunter Fikes and Gary Shannon—and to add claims on Winslow's behalf against Metro for alleged violations that took place in 2017 and 2018. (*Id.*)

The Court issued an amended case management order limiting "[r]emaining discovery . . . to information arising out of the claims added in the Amended Complaint or previously unable to be discovered." (Doc. No. 82, PageID# 393, ¶ G.)

Metro moved to dismiss the amended complaint (Doc. No. 84) and asked the Court to stay discovery pending resolution of that motion (Doc. Nos. 86, 89).

2

The parties filed several discovery motions while Metro's motion to dismiss was pending. Metro moved for a protective order precluding Peters and Winslow from deposing four of the five MNPD officers they had sought to add as defendants, arguing that the depositions fell outside the limited scope of discovery under the amended case management order because Metro had disclosed the officers' identities on November 26, 2019, and Peters could have deposed them during the initial discovery period. (Doc. Nos. 101, 102.) The plaintiffs limited their deposition notices to Fikes and Shannon, and the Court granted Metro leave to file an amended motion for a protective order only as to those two officers. (Doc. Nos. 157, 158, 159.) Peters and Winslow opposed Metro's motions for protective orders (Doc. Nos. 104, 160), and Metro filed replies (Doc. Nos. 105, 161). Metro also filed a motion to quash on behalf of Powers Management regarding a subpoena for documents that Peters and Winslow's counsel served on Powers Management. (Doc. No. 106.) Peters and Winslow responded in opposition (Doc. No. 108) and Metro filed a reply on behalf of Powers Management (Doc. No. 109). Winslow and Metro also filed cross-motions to compel discovery (Doc. Nos. 119, 120) and related responses (Doc. Nos. 122, 124), and Metro filed a reply (Doc. No. 125). Metro then filed a motion for summary judgment (Doc. No. 128), Peters and Winslow filed a motion to stay consideration of Metro's summary judgment motion under Federal Rule of Civil Procedure 56(d) (Doc. No. 134), and the Court granted Peters and Winslow's motion to stay (Doc. No. 141).

The Court granted in part and denied in part Metro's motion to dismiss Peters and Winslow's amended complaint, dismissing Winslow's claims for failure to state a claim on which relief can be granted but allowing Peters' claims to proceed. (Doc. Nos. 147, 148.)

II.     **Analysis**

    A.     **Metro's Motions to Stay Discovery and Metro's and Winslow's Motions to Compel Discovery**

Because the Court has now resolved Metro's motion to dismiss and has dismissed Winslow's claims in this action, Metro's motions to stay discovery pending resolution of its motion to dismiss (Doc. Nos. 86, 89), Winslow's motion to compel discovery from Metro (Doc. No. 119), and Metro's motion to compel discovery from Winslow and impose discovery sanctions against him (Doc. No. 120) are moot.

    B.     **Metro's Motions for Protective Orders**

The scope of discovery in civil litigation falls within the sound discretion of the trial court. *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008). "Unless otherwise limited by court order," Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26(c)(1) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding the discovery of certain information. Fed. R. Civ. P. 26(c)(1). The party seeking the protective order bears the burden to show good cause "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)). Trial courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The Court has limited the scope of remaining discovery in this action to "information arising out of the claims added in the Amended Complaint or previously unable to be discovered."

(Doc. No. 82, PageID# 393, ¶ G.) Metro's amended motion for a protective order argues that Fikes's and Shannon's testimony does not relate to claims added in the amended complaint and was not "previously unable to be discovered" because Peters was aware of Fikes's and Shannon's identities before the close of the initial discovery period but waited more than five months to notice their depositions. (Doc. No. 158.) The record shows that Metro disclosed Fikes's and Shannon's identities to Peters in discovery responses and objections served on November 26, 2019. (Doc. No. 157-3.) On the same day, Peters filed the parties' joint motion to extend the discovery deadline to allow Peters to depose other Metro witnesses on December 4 and 5, 2019. (Doc. No. 64.) Metro argues that Peters did not seek to depose Fikes or Shannon at that time and instead waited until May 8, 2020, to send Metro notices of deposition for Fikes and Shannon. (Doc. No. 158.)

Peters concedes that Metro disclosed Fikes's and Shannon's identities on November 26, 2019. (Doc. No. 160.) He argues that Metro should have disclosed their identities sooner and that "it was not possible for the depositions to be conducted before the close of discovery" because Rule 30(b) requires parties to "give 'reasonable notice' before taking a deposition." (*Id.* at PageID# 1927.) This does not explain why Peters waited five months after the close of discovery to notice Fikes and Shannon's depositions. The parties were engaged in the setting of additional depositions at the time Metro disclosed the officers' identities, and the Court granted an extension of the discovery period for those depositions to be taken. Peters offers no reason why he could not have raised the issue of taking these depositions and requested a further extension at that time. Metro's amended motion for a protective order (Doc. No. 157) will be granted and its motion for a protective order (Doc. No. 101) will be found moot.

### C. Powers Management's Motion to Quash

Peters's counsel served a subpoena on non-party Powers Management seeking production of eighteen categories of documents, many of which concern Winslow's now-dismissed claims

regarding PredsFest. (Doc. No. 107-1.) Counsel for Metro has filed a motion to quash the subpoena, arguing that it is overly broad, unduly burdensome, and seeks documents outside the scope of remaining discovery in this case. (Doc. Nos. 106, 107.) Metro's counsel has not entered an appearance on behalf of Powers Management, and it is not clear to the Court whether counsel filed the motion to quash as part of her representation of Metro or on behalf of Powers Management. Peters argues that, due to his counsel's scheduling difficulties, Powers Management never conferred with him regarding its objections to the subpoena before filing the motion to quash. (Doc. No. 108.)

In light of the Court's subsequent order dismissing Winslow's PredsFest claims and Peters's representation that Powers Management has not conferred with him regarding its objections to the subpoena, the Court will deny the motion to quash (Doc. No. 106) without prejudice to refiling after Powers Management and Peters meet and confer in good faith about the subpoena.

### III. Conclusion

For these reasons, Metro's amended motion for a protective order (Doc. No. 157) is GRANTED.

Powers Management's motion to quash (Doc. No. 106) is DENIED WITHOUT PREJUDICE.

Metro's motion to stay discovery (Doc. No. 86), amended motion to stay discovery (Doc. No. 89), motion for a protective order (Doc. No. 101), and motion to compel discovery and impose

discovery sanctions (Doc. No. 120), and Winslow's motion to compel discovery (Doc. No. 119) are FOUND MOOT.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge